GENOVESE, J.,
dissents and assigns the following reasons.
_JjIn this medical malpractice case, the majority finds no manifest error in the trial court’s determination that Dr. Ghanta did not violate the applicable standard of care in his treatment of Mr. Jeane. I disagree.
It is undisputed that Dr. Ghanta knowingly violated the hospital’s transfer policy. Mr. Jeane presented himself to Byrd Regional Hospital (Byrd Hospital) with a one-inch, V-shaped stab wound to his heart. According to the transfer policy at Byrd Hospital, patients requiring care not available at that hospital are to be transferred after acceptance by a physician at another facility upon the physician’s order. It is likewise undisputed that Byrd Hospital had no cardiovascular surgeon on its staff and had no bypass equipment. Dr. Ghan-ta admitted that he did not follow this policy in connection with Mr. Jeane’s treatment. The time entries in the hospital records are well-documented and likewise not in dispute. Mr. Jeane was brought to Byrd Hospital at 2:25 a.m. After notification by the emergency room physician, Dr. Ghanta arrived at the hospital at 3:15 a.m. Dr. Ghanta instructed the nurses to prepare the operating room for surgery at 3:40 a.m., yet he did not perform surgery until after 4:30 a.m. Mr. Jeane died at 5:49 a.m. There was a time lapse of over two hours from admission to surgery. It took Dr. Ghanta over an hour to decide to implement surgery — all the while Mr. Je-ane could and should have been transferred, [2but was not.
It is noteworthy that Mr. Jeane was not in persistent acute distress. In fact, the record indicates that Mr. Jeane was responding to treatment and was still awake and alert at 4:30 a.m., after having arrived at the hospital over two hours earlier. There was plenty of time and patient stability to effectuate a transfer to a cardiovascular facility — but that was not done.
Mr. Jeane suffered a stab wound to the heart. Dr. Ghanta is a general surgeon, not a cardiovascular surgeon. It is undisputed that Dr. Ghanta knew that Byrd Hospital had no cardiovascular surgeons and no bypass equipment to adequately care for an injury of this nature. Yet, Dr. Ghanta persisted in violating hospital policy in not transferring Mr. Jeane to the nearest hospital with cardiac care capabilities. Plaintiffs’ experts testified that had Dr. Ghanta timely effectuated the transfer, Mr. Jeane would have had a ninety percent chance of survival.
Dr. Ghanta’s efforts were both noble and well-intentioned; however, he breached the applicable standard of care by violating hospital transfer policy and by implementing sophisticated cardiovascular treatment without being a cardiovascular surgeon at a hospital not equipped for such treatment. In my view, the trial court’s decision was manifestly erroneous and renders Byrd Hospital’s transfer policy meaningless.
I would reverse the trial court, find that Dr. Ghanta violated the applicable standard of care relative to Mr. Jeane, and award appropriate damages.